[L. A. No. 2294.   Department One.—June 18, 1909.]

## GEORGE E. DUNDAS, Appellant, v. LANKERSHIM SCHOOL DISTRICT, Respondent.

APPEAL FROM JUDGMENT—TIME FOR TAKING—DISMISSAL.—An appeal from a judgment not taken within six months from the date of its entry must be dismissed.

BOUNDARY—ACTUAL LOCATION ON GROUND—ACQUIESCENCE IN ACCURACY OF LOCATION.—Where, prior to the conveyance of a tract of land, the grantor causes a survey thereof to be made and the boundaries as thus ascertained to be marked on the ground by monuments fixed for that purpose, and the grantee enters into possession of the lands as thus delineated, and thereafter for upwards of fifteen years his possession is acquiesced in by the adjoining owners, who had full

knowledge of the exact location and extent of the land claimed and occupied by the grantee, the boundaries as so located and marked on the ground must be accepted as the boundaries of the land actually described in the deed, regardless of the accuracy of the actual location, as it may appear by subsequent measurements.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

John W. Kemp, and Kemp & Collier, for Appellant.

T. R. Archer, for Respondent.

ANGELLOTTI, J.—This is an action to quiet title commenced November 5, 1906. The controversy is about a strip of land ranging from 46.34 feet on the easterly end to 42.87 feet on the westerly end, and about 420.64 feet long, being the southerly portion of a lot of land occupied and used for school purposes by defendant for over sixteen years next preceding the commencement of the action. Defendant had judgment and plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The appeal from the judgment was taken more than eleven months after its entry. Not having been taken within six months from the entry of judgment, it must be dismissed. (Code Civ. Proc., sec. 939, subd. 1.) There remaining only an appeal from the order denying a motion for a new trial, we are not concerned with any question of the sufficiency of any pleading, or of the sufficiency of the findings to support the judgment.

The principal claim on the appeal from the order denying the motion for a new trial is that the finding that defendant is the owner of this land is not sustained by the evidence.

It is undisputed that defendant acquired from the Lankershim Ranch, Land and Water Company, the original owner of all the land referred to in the deeds under which the parties claim, and from Miles Dodd, the immediate grantee of said company, a lot of land for school purposes, the northeasterly corner of which was on what was intended to be the southwesterly line of a street known as San Fernando Avenue, the

boundaries of which are as follows, viz.: running from said point west 270.64 feet, thence south 300 feet, thence east parallel with the northerly line over 400 feet to the southwesterly line of San Fernando Avenue, thence northwesterly along said line of said avenue to the point of beginning. The real controversy here is as to the location of the point on the southwesterly line of San Fernando Avenue constituting the northeasterly corner of the lot. If it be at the place claimed by defendant, the northerly and southerly boundary lines of the school lot are as claimed by defendant and found by the court, thus including the strip in dispute. If it be at the place claimed by plaintiff, over forty feet to the north of the place claimed by defendant, the southerly boundary line of defendant's lot would be thrown more than forty feet to the north, and the strip in dispute would thus be excluded. Plaintiff is the owner of the land lying south of and adjoining the lot of defendant, having on March 21, 1906, acquired the title thereto of the Lankershim etc. Co. and Miles Dodd, through mesne conveyances.

The following facts are clearly established by the evidence: Defendant School District went into actual possession of the property claimed by it in 1888 or 1889, under a proposition from the Lankershim Company to the effect that if it would use the same as a site for its schoolhouse and build thereon a schoolhouse to cost a specified sum of money, the company would give it the land. The ground to be so given was immediately upon the acceptance of the offer marked out on the ground by the company by stakes placed at the corners, in pursuance of a survey then made by the company's surveyor, assisted by Mr. W. H. Andrews, one of the then trustees of the school district. On this survey, the northeasterly corner of the lot was fixed at the point on San Fernando Avenue claimed by the defendant to be the true corner, and a stake was there driven which was replaced two years later by an iron stake, which the trial court was warranted by the evidence in concluding is still in place. Defendant almost immediately proceeded to more clearly define and permanently mark on the ground the location of the northerly and southerly lines of the lot, by planting rows of cypress and pine trees along the same, about one foot inside of each line, which trees have ever since continued in place. Mr. Andrews, the then owner

of the property to the west, planted a row of gum trees about one foot west of the westerly line of the lot. Defendant immediately proceeded with the construction of its schoolhouse on this property, and the same was completed in 1889 or 1890. Ever since that time all of the land claimed by defendant has been openly and exclusively possessed and used by defendant for school purposes under claim of absolute ownership, a claim acquiesced in and not denied by any one until about the end of the year 1905. On June 3, 1891, soon after the completion of the schoolhouse, the Lankershim Company executed its conveyance to the defendant, wherein the property was described as "beginning at a point in the southwesterly line of San Fernando Avenue, which point is 370.64 feet west, and 642.26 feet south of the northeast corner of lot 160." On October 29, 1891, Miles Dodd, the successor of said company, executed to defendant his deed to a triangular piece of land lying between the easterly line of the land conveyed by the Lankershim Company and the southwesterly line of San Fernando Avenue, and of which the point of beginning was the same as that of the lot conveyed by the Lankershim Company. This deed described said point of beginning in the same way as did the Lankershim Company deed. This point of beginning for the school lot had been previously described in the same way in a provision of the deed of the Lankershim Company to Miles Dodd executed November 20, 1890, whereby said company excepted from the operation of its conveyance to Dodd a lot of land 270.64 feet by 300 feet, describing it by metes and bounds, and as commencing at such point. The claim of plaintiff is based solely on a survey made in 1905 for the then owner of the land lying south of the school district's land, for the purpose of ascertaining the true southerly boundary of said school district land, on which survey the surveyor concluded that the point on the southwesterly line of San Fernando Avenue which was 370.64 feet west and 642.26 feet south of the northeast corner of lot 160, as he considered the said northeast corner of said lot 160 to be, was over 40 feet to the north of the point that had up to that time been marked on the ground and accepted by all parties as the true location. Mr. Andrews was a predecessor in title of plaintiff of the property adjoining defendant's land on the south, owning such property from June 20, 1892, to December 16, 1901. Dur-

ing all this time, he openly acknowledged that the southerly line of trees before referred to was the north line of his property, and pointed out to his purchaser, a Mr. Stiffler, the rows of trees as being the lines of the school property, his deed to Stiffler describing the land conveyed by reference to the lines of the property of the school district.

The finding as to defendant's ownership is amply sustained by this evidence. Indeed, we do not perceive how any other finding could have been made. The point of beginning of the land conveyed by the Lankershim Company to defendant, described in the deed as a point in the southwesterly line of San Fernando Avenue, 370.64 feet west and 642.26 feet south of the northeast corner of lot 160, was by the parties ascertained by the survey made for that purpose and marked on the ground prior to the conveyance, and the northerly and southerly lines of the lot were then fixed by the parties with reference to said point and thereupon marked on the ground by stakes at the corners of the lot. The deed was clearly intended to convey the property so located and marked out on the ground. All parties in interest, with full knowledge of the exact location and extent of the land claimed and occupied by defendant under its deeds, acquiesced in this location for three times the period prescribed by the statute of limitations for obtaining title by prescription, and every successor in interest of Andrews, including this plaintiff, purchased with full knowledge of the actual possession by defendant to the line claimed by it to constitute and marked on the ground as constituting its southerly boundary line. Under these circumstances, defendant's claim of title is sustained by the rules discussed in *Young* v. *Blakeman,* 153 Cal. 477, 480, [95 Pac. 888]. Under those rules the point of beginning actually located and marked on the ground must be accepted as the point of beginning actually described in the deeds, regardless of the accuracy of the actual location, as it may appear by subsequent measurements. The line at the same time located and marked on the ground as the southerly line of defendant's property, by measuring from said point of beginning, must likewise be accepted as the true line, regardless of the accuracy of such location as shown by subsequent measurements, and the defendant holds to such line by virtue of its title deeds. (See, also, *Lewis* v. *Ogram,* 149 Cal. 505, [117 Am. St.

Rep. 151, 87 Pac. 60].)    These considerations render it
unnecessary to consider other points made by defendant in
support of the finding of ownership.    Certain other findings
attacked are immaterial in view of our conclusion that the
finding as to ownership is fully sustained by the evidence.

Many rulings of the trial court in admitting evidence over
the objection of plaintiff and in refusing to strike out evi-
dence on the motion of plaintiff are assigned as errors.    We
have examined all of these assignments, and find in the rulings
complained of no prejudicial error, and no matter calling for
discussion here.

The appeal from the judgment is dismissed.    The order
denying a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.